# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| **DK TRADING & SUPPLY LLC** and **LION OIL COMPANY, LLC,** § § § | |
| *Plaintiffs,* § § | |
| vs. § | Civil Action No. 3:25-cv-00309 |
| § | |
| **MAREX GROUP PLC** and **BTX ENERGY LLC,** § § § | |
| *Defendant.* § | |

## AMENDED NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Marex Group PLC ("Marex") files this Amended Notice of Removal of the civil action brought against it by Plaintiffs DK Trading & Supply LLC ("DKTS") and Lion Oil Company, LLC ("Lion Oil" and collectively with DKTS, the "Plaintiffs"). The grounds in support of this Amended Notice of Removal are as follows:

### I.

### STANDARD FOR REMOVAL

1. Defendant files this Amended Notice of Removal on diversity of citizenship grounds under 28 U.S.C. §§ 1332, 1441, and 1446. Furthermore, 28 U.S.C. § 1446(b) provides that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within 30 days after service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

1

*See* 28 U.S.C. § 1446(b)(1). Further, 28 U.S.C. § 1441(b)(2) expressly permits a defendant who has not been "*properly joined and served*" to remove an action to federal court. *See* 28 U.S.C. § 1441(b).

2.  Plaintiffs filed their Original Petition on September 22, 2025. Despite lack of service, on September 23, 2025, Marex obtained a copy of the state court docket showing the filing of Plaintiffs' Original Petition. Shortly thereafter, on September 24, 2025, Marex filed its Notice of Removal to preserve its right to federal jurisdiction. Indeed, because Marex had not been served with process or received the initial pleading "through service or otherwise" at the time of filing its Notice of Removal, the thirty-day removal period under 28 U.S.C. 1446(b)(1) had not yet began to run. *See* 28 U.S.C. § 1446(b)(1); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 344 (1999) ("A named defendant's time to remove is triggered by simultaneous service of summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). Accordingly, Marex timely filed its Notice of Removal.

3.  Further, 28 U.S.C. § 1441 also authorizes removal of an action before a forum defendant has been served. *See, e.g.*, *Texas Brine Co. v. Am. Arb. Assoc., Inc.*, 955 F.3d 482, 487 (5th Cir. 2020). At the time the Notice of Removal was filed, upon information and belief, Defendant BTX Energy LLC ("BTX Energy") had not been served. *See* 28 U.S.C. § 1441. Accordingly, Marex's Notice of Removal was proper.

## II.

## BACKGROUND

4.  On September 22, 2025, Plaintiffs filed their Original Petition against Marex and BTX Energy in the Chambers County District Court for the 344th Judicial District, Cause No. 25DCV0826 (the "District Court Action"). *See* Original Petition, attached as Exhibit A-1.

5.  Plaintiffs' Original Petition asserts claims of declaratory judgment against Marex and negligence against BTX Energy. *See* Ex. A-1 at pp. 5–6.

6.  Upon information and belief, at the time the Notice of Removal was filed, neither Marex nor BTX Energy were served with process and therefore no citation existed for Marex to attach. At the time of the filing of the Notice of Removal, no Return of Service was on record with the state court.

7.  Marex now files its Amended Notice of Removal pursuant to this Court's September 25, 2025 Order for Conference and Disclosure of Interested Parties (Dkt. 3).

8.  Plaintiffs previously requested a demand for trial by jury in the state district court action. *See* Ex. A-1.

### III.

### DIVERSITY JURISDICTION

9.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because every proper defendant is now, and was at the time Plaintiffs' Original Petition was filed, diverse in citizenship from every plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## A. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFFS AND DEFENDANTS.

10. Upon information and belief, Plaintiff DKTS is a Delaware limited liability company with its principal place of business in Brentwood, Tennessee. *See* Ex. A-1, ¶ 3. DKTS' sole member is Alon Refining Krotz Springs, Inc., a Delaware corporation with its principal place of business in Tennessee.[1]

11. Upon information and belief, Plaintiff Lion Oil is an Arkansas limited liability company with its principal place of business in Brentwood, Tennessee. *See* Ex. A-1, ¶ 4. Lion Oil's sole member is Delek US Energy, Inc., a Delaware corporation with its principal place of business in Tennessee.[2]

12. Defendant Marex is a public limited company formed under the laws of England and Wales. *See* Ex. A-1, ¶ 5. Marex's principal place of business is in England.

13. Defendant BTX Energy, LLC is a Texas limited liability company with its principal place of business in Texas. BTX Energy's sole member is David Campbell, an individual residing and domiciled in Texas.

14. Complete diversity exists in this case as of the time of this filing. Therefore, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## B. THE AMOUNT IN CONTROVERSY IS MET.

---

[1] Plaintiff's First Amended Complaint at 1, DK Trading & Supply, LLC v. Ja Dakis Cap., LLC d/b/a Glob. Oil Bunkering and Petros Kalamaras, No. 3:24-cv-00558-K (N.D. Tex. March 12, 2024), ECF No. 10; Petition for Review at 1, Alon Refin. Krotz Springs, Inc. v. U.S. Env't Prot. Agency, No. 25-1187 (D.C. Cir. Sept. 16, 2025), Doc No. 2135532.
[2] Plaintiff's Complaint and Jury Demand at 2, Lion Oil Co. v. Specialty Welding & Turnarounds, LLC, No. 1:22-cv-01051-SOH (W.D. Ark. Aug. 30, 2022), ECF No. 2.

15. The removal of an action based upon diversity jurisdiction must consider the sums demanded in good faith in the initial pleadings to be the amount in controversy. *See* 28 U.S.C. § 1446(c)(2).

16. Here, the amount in controversy exceeds $75,000, as Plaintiffs' Original Petition filed on or about September 22, 2025 sets forth alleged damages in the amount of over $30,000,000. *See* Ex. A-1, ¶¶ 2, 18, 24. Accordingly, the amount in controversy exceeds $75,000.00 and diversity jurisdiction is proper.

## IV.

## VENUE

17. Removal is proper to the United States District Court for the Southern District of Texas, Galveston Division because this district and division embraces Chambers County, Texas, the venue of the pending state court action. 28 U.S.C. §§ 1441(a), 1446(a).

18. Because Marex had not been served with process or received the Original Petition at the time of filing the Notice of Removal, the thirty-day removal period under 28 U.S.C. 1446(b)(1) had not yet began to run. Marex therefore timely filed its Notice of Removal.

## V.

## NOTICE TO ADVERSE PARTIES AND STATE COURT

19. Pursuant to 28 U.S.C. 1446(d), Marex will promptly give Plaintiffs written notice of this Amended Notice of Removal. Marex will also promptly file a copy of this Amended Notice of Removal with the District Clerk for Chambers County, Texas, where the state action was pending.

20. The name and address of the court from which the case is being removed is:

344th Judicial District Court for Chambers County, Texas
404 Washington Avenue, 3rd Floor
Anahuac, TX 77514

21. At the time the Notice of Removal was filed, upon information and belief, no defendants had been served. The plain language of 28 U.S.C. § 1441(b)(2) expressly permits a defendant who has not been "***properly joined and served***" to remove an action to federal court. *See* 28 U.S.C. § 1441(b). Likewise, 28 U.S.C. § 1441 authorizes removal of an action before a forum defendant has been served. *See, e.g.*, *Texas Brine Co. v. Am. Arb. Assoc., Inc.*, 955 F.3d 482, 487 (5th Cir. 2020).

22. Pursuant to Local Rule 81 for the United States District Court for the Southern District of Texas, attached hereto as Exhibit A is an index of all matters being filed, which clearly identifies each document and indicates the date the document was filed in the state court action, if applicable, as required by 28 U.S.C. § 1446(a). Included with the index is a copy of each document filed in the state court action, individually tabbed. Additionally, a list of all counsel of record is attached hereto as Exhibit B.

23. Nothing in this Amended Notice of Removal shall be interpreted as a waiver or relinquishment of any of Marex's rights to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure or any state or federal statute, rule, or otherwise, including, but not limited to, Marex's rights to challenge personal jurisdiction and subject matter jurisdiction, Marex's right to compel arbitration of the claims asserted against it and/or Marex's right to enforce a forum selection clause.

## VI.

## **PRAYER**

WHEREFORE, Defendant Marex Group PLC prays that the District Court Action be removed to the United States District Court for the Southern District of Texas.

Dated: September 29, 2025.

        Respectfully submitted,

        **HOLLAND & KNIGHT LLP**

        */s/ L. Bradley Hancock*
        L. Bradley Hancock - ***attorney in charge***
        State Bar No. 00798238
        Federal Bar ID. 21091
        Agnes O. Doyle
        State Bar No. 24084423
        Federal Bar ID. 25445474
        Katia Leiva
        State Bar No. 24143113
        Federal Bar ID. 3896201
        811 Main Street, Suite 2500
        Houston, TX 77002-5227
        713-821-7000 (telephone)
        713-821-7001 (facsimile)
        brad.hancock@hklaw.com
        agnes.doyle@hklaw.com
        katia.leiva@hklaw.com

        **ATTORNEYS FOR DEFENDANT MAREX GROUP, PLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Amended Notice of Removal has been served upon the following counsel and/or individuals set forth below, this 29th day of September, 2025, via the Court's electronic filing system.

W. Ray Whitman
rwhitman@bakerlaw.com
Ryan A. Pittman
rpittman@bakerlaw.com
Nikki L. Morris
nmorris@bakerlaw.com
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, TX 77002
Telephone: (713) 751- 1600
Facsimile (713) 751-1717


Matthew S. Parish
TAUNTON, SNYDER & PARISH, P.C.
777 N Eldridge Pkwy, Suite 450
Houston, TX 77079
Telephone: 713-993-2342
Fax: 713-993-2308
mparish@tsplaw.com

                                                */s/ Katia Leiva*
                                                Katia Leiva